## Rickert Nurseries Landscape Division v. Lower Makefield Township Zoning Hearing Board

140

Before Garb, Mountenay and Rufe, JJ.

*Ward F. Clark, Robert J. Suguarman* and *Jerome A. Hoffman,* for plaintiff.

*William J. Carlin,* for defendant.

*Thomas J. Corrigan,* for Lower Makefield Township Civic Association.

RUFE, 3rd, J., June 21, 1973.—Rickert Nurseries Landscape Division (hereinafter Rickert) operated a wholesale and retail nursery business on a 340-acre tract in Lower Makefield Township dating back at least to 1938. In 1957, the Lower Makefield Township Zoning Board of Adjustment (hereinafter board) authorized Rickert to enlarge the building from which it operated to 2,885 square feet on two floors, which then represented a 100 percent increase in the floor size of the operation.

In the present application, Rickert proposes to increase the 2,885 square feet of floor area to 11,285, with 6,610 square feet devoted to retail sales, and presumably the balance of 5,275 square feet to the landscaping business, on a tract which is now reduced to 3.0859 acres of land. The property is in a Residential

2 zoning district in which both businesses are non-conforming.

The board concluded that the retail nursery and garden center business was a pre-existing nonconforming use and under "the doctrine relating to expansion of nonconforming uses" granted most of the extension requested pertaining to that aspect of the application, or an increase of 5,200 square feet of building. On the contrary, the board concluded that the applicant had not carried its burden of showing a pre-existing nonconforming use as to the landscape business, nor the requisite hardships warranting a variance for that aspect of the application and, accordingly, denied authority to construct an additional 3,200 square feet of building proposed to be used for the landscape business.

Rickert appealed the denial of the additional floor space for the landscape business as of No. 72-10 88-09-6 in this court in which case Lower Makefield Township (hereinafter township) has intervened. The Lower Makefield Township Civic Association (hereinafter association) and two individuals appealed the grant of the additional floor space for the nursery and garden center business as of no. 72-10158-05-6. Both cases have been consolidated under the former number above and have been argued together before the court en banc.

In regard to the granted extension of the nonconforming use as to the nursery and garden center, the association contends that the extension of an existing 2,110 square feet of floor area used for that business to 7,310 square feet of floor area, greatly exceeds the 25 percent increase permitted by the ordinance. The association argues that the governing section of the ordinance is section 1005-3, which provides as follows:

"3. Alterations. A nonconforming building may not be reconstructed or structurally altered during its life to an extent exceeding in aggregate cost twenty-five (25) percent of the assessed value of the building unless said building is changed to a conforming use."

It is apparent from the mere reading of the section that it does not apply to the present case. There is no evidence in the record whatsoever that the building or the proposed addition are nonconforming. It is the use itself which is nonconforming and which extension was approved by the board. In its order the board expressly provided "any additions to the existing structure to be constructed in accordance with other applicable existing zoning regulations" or, in short, as conforming buildings.

However, the ordinance is not silent on extending nonconforming uses, even though neither party alluded to the appropriate section in his brief. Section 1005-4 provides, in appropriate part, as follows: "a nonconforming building or use shall not be extended." There are no exceptions provided for in the ordinance. The board quite properly disregarded this unconstitutional provision: Silver v. Zoning Board of Adjustment, 435 Pa. 99 (1969). In permitting an extension of 5,200 square feet of a requested 8,310 square feet, the board obviously made a determination of what a reasonable extension of this nonconforming use would be. Interestingly enough, neither party has challenged the board's decision on the grounds of reasonableness. Accordingly, the board's decision on this point must be affirmed.

In regard to the denied extension of the alleged nonconforming use as to the landscaping business, Rickert challenges the board's findings that a nonconforming use as to that aspect of the application does not exist,

and secondly, that Rickert has not shown the necessary hardships to warrant the granting of a variance.

The court took no additional testimony or evidence on this matter and the record was not supplemented in any respect whatsoever. Accordingly, we need determine only whether or not the board abused its discretion in its decision or erred in the application of the law to the circumstances in the case.

A complete review of the notes of testimony and the opinion of the zoning board of adjustment pertaining to the application of Rickert Nurseries and the hearing held thereon on June 27, 1957, does not disclose any reference whatsoever to the existence or operation of a nonconforming landscape business. The board determined that a lawful nonconforming business use did exist on the property consisting of 80 percent wholesale and retail nursery business and 20 percent "derived from the sale of such articles as fertilizers, insecticides, lawn mowers and other garden tools, bird baths and ornamental fencing." (It should be noted that the zoning ordinance in question was enacted on June 4, 1956.)

The testimony in the instant case discloses that there are two business entities operating from the subject property. Robert A. Flowers, trading under the name Rickert's Nursery Garden Center, operates the garden center business which the board acknowledged to be an existing nonconforming use and the expansion of which was approved by the board. This business includes a certain amount of residential landscaping work which is done apparently as a relatively minor accessory aspect of the overall garden center business, albeit, the owner would like to greatly expand this service.

The second business entity operating from the sub-

ject property is Rickert's Nurseries Contracting, Inc., a corporation founded in 1970, which is engaged exclusively in the commercial and industrial landscaping business, separately and apart from the residential landscaping service provided by the garden center operator. The corporation acquired this business in 1970 from Hiram D. Rickert, who had done some "smaller commercial jobs" such as "gas stations" as early as 1950. In 1954, Mr. Rickert "did the steel mill." These two references constitute the only evidence of prezoning commercial and industrial landscaping business use operating from the premises. There is no evidence that such a business operated as a separate legal entity prior to the formation of the corporation in 1970, although the applicant's witnesses went to great pains to refer to separate businesses. In short, the board was perfectly justified in concluding that any commercial or industrial landscaping that had occurred prior to zoning was of the same minor accessory nature of the garden center business as the residential landscaping still retained by the garden center operator, and, as such, not entitled to separate and distinct nonconforming use status as claimed by the applicant. Accordingly, we find no abuse of discretion or error of law in this conclusion reached by the board.

The applicant next contends that the commercial and industrial ·landscaping business application should have been granted as a variance because "the use will be extinguished but for the expansion." On this point, it should be noted that the application makes no reference whatsoever to the commercial and industrial landscaping business sought to be so greatly enlarged. The application refers only to the garden center .for which the expansion was approved by the board. The board could quite properly have dismissed

the expansion requested by the commercial and industrial landscaping business at the hearing as not even having been requested. Nevertheless, since the board did take evidence on the question and determine that a variance was not warranted, we will review that decision.

The applicant refers us to Philadelphia v. Angelone, 3 Comm. Ct. 119 (1971), as authority for his contention that a nonconforming use may be expanded upon the variance principles that the proposal is not contrary to public interest and the applicant will suffer unnecessary hardship if the variance is not granted. While that case does stand for the cited proposition, applicant apparently overlooks the fact that the board determined that the claimed nonconforming use did not exist, and we do not overrule that finding. Accordingly, Angelone does not apply in the instant case.

Furthermore, the record does not disclose any of the unique features or circumstances warranting the granting of a variance as outlined in section 912 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805, 53 PS §10912. Nor has the applicant shown any hardship other than would flow from the inability to make greater profits more easily if the application were granted.

Finally, the landscaping business as described by the applicant involving "site clearing, site preparation, construction of parking yards, storm drains, and the moving of large trees, and seedings of huge areas for industrial uses, as well as highways" resulting "in the acquisition and operation of large machinery and equipment, and the employment of technicians capable of handling this equipment," describes a zoning use vastly different from the garden center presently located on the premises and not in keeping with the essential residential character of the neighborhood.

146

Accordingly, the board's denial of the variance is affirmed.

ORDER

And now, June 21, 1973, the order of the Zoning Hearing Board of Lower Makefield Township is affirmed in its entirety.